UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THADDEUS FRITH | CIVIL ACTION |
| VERSUS | NO. 14-0702 |
| STEVE RADER | SECTION "H"(4) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

I.      **Factual and Procedural Background**

The petitioner, Thaddeus Frith ("Frith") is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On July 29, 2008, Frith was charged by Bill of Information in Orleans Parish with possession of heroin with intent to distribute.[3] Frith entered a plea of not guilty to the charge on August 6, 2008.[4]

The record reflects that, on July 8, 2008, Detectives Dean Moore and Chad Perez of the New Orleans Police Department began a narcotics investigation in the 2600 block of Jackson Avenue in

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 7, Bill of Information, 7/29/08.

[4] St. Rec. Vol. 1 of 7, Minute Entry, 8/6/08.

New Orleans.[5]  Detective Moore assumed a position near the middle of the block while Detective Perez remained in a patrol vehicle nearby.  Detective Moore soon saw a man later identified as Frith standing in the middle of the block.

After about five minutes, an unknown black male wearing a red t-shirt approached Frith.  After a brief conversation, the unknown male reached into his right rear pants pocket and retrieved an unknown amount of paper currency that he handed to Frith.  Frith turned around and walked towards an alleyway next to an abandoned structure located at 2622 Jackson Avenue.

Frith walked past the first foundation pier, knelt down, and quickly picked up an unknown object from underneath the house with his left hand.  He rose and placed the object in his right hand which he kept in a tight fist.  By this time, the unknown male in the red t-shirt had walked to the corner of Jackson and Magnolia where a small grocery store was located.  After exiting the alleyway, Frith walked toward the unknown male quickly passed the object in his right hand to him.  After accepting the object, the unknown male immediately separated from Frith, walking along Jackson Avenue back towards St. Charles Avenue and then out of sight.

After about five minutes, Frith walked up Magnolia Street and out of Detective Moore's line of sight.  Interested in the seller not the buyer, Detective Moore then radioed his partner to pick him up.  The officers drove up Magnolia Street in the marked police unit until Detective Moore spotted Frith standing in a group of four or five other men just a few houses away from the intersection.

The detectives got out, identified themselves, and advised Frith of his rights and that he was under investigation for a possible narcotics violation.  The officers returned to the abandoned

---

[5]The facts were taken from the published opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal.  *State v. Frith*, 102 So.3d 65, 67-68 (La. App. 4th Cir. 2011); St. Rec. Vol. 5 of 7, 4th Cir. Opinion, 2011-KA-0187, pp. 2-4, 8/10/11.

structure at 2622 Jackson Avenue where Detective Moore found a clear plastic bag on the ground behind the first pier where he had seen Frith kneel down.  A closer inspection of the bag revealed that it contained twenty (20) clear plastic capsules containing an off-white powder substance that he recognized to be heroin.  Detective Moore also seized $209.00 in cash from Frith's right front pants pocket found during a search incident to his arrest.

Frith was tried before a jury on May 19, 2010, and was found guilty as charged.[6]  At a hearing held August 27, 2010, the Trial Court denied Frith's motions for a new trial and for post-verdict judgment of acquittal filed by newly retained counsel.[7]  The court sentenced Frith on September 24, 2010, to serve thirty-three (33) years and four (4) months in prison at hard labor.[8]  The court also held a hearing on the State's multiple offender bill, and after the adjudication and waiver of legal delays, the court vacated the prior sentence and sentenced Frith as a multiple offender to serve thirty-three (33) years and four (4) months in prison at hard labor.[9]  On March 4, 2011, the Trial Court granted Frith's motion to reconsider the sentence and resentenced him to serve twenty (20) years in prison with the first five (5) years to be served without benefit of parole, probation, or suspension of sentence.[10]

---

[6] St. Rec. Vol. 1 of 7, Trial Minutes, 5/19/10; St. Rec. Vol. 5 of 7, Verdict of the Jury, 5/19/10; Trial Transcript, 5/19/10.

[7] St. Rec. Vol. 1 of 7, Minute Entry, 8/27/10; St. Rec. Vol. 5 of 7, Motion for New Trial, 6/9/10; Motion for New Trial, 8/27/10; Trial Court Order, 8/27/10; Motion for Post-Verdict Judgment of Acquittal, 8/27/10.

[8] St. Rec. Vol. 1 of 7, Sentencing Minutes, 9/24/10.

[9] St. Rec. Vol. 1 of 7, Multiple Bill, 8/25/10; Multiple Bill Hearing Minutes, 9/24/10; St. Rec. Vol. 5 of 7, Multiple Bill Hearing Transcript, 9/24/10.

[10] St. Rec. Vol. 1 of 7, Sentencing Minutes, 3/4/11; St. Rec. Vol. 4 of 7, Motion to Reconsider, 10/22/10.

On direct appeal to the Louisiana Fourth Circuit Court of Appeal, Frith's retained counsel asserted four errors:[11] (1) the verdict was contrary to the law and evidence; (2) the Trial Court erred in denying the motion for post-verdict judgment of acquittal; (3) the Trial Court erred in denying the motion for new trial; and (4) based on new, undisclosed information, the conviction was based on the incredible testimony of Detective Moore. On August 10, 2011, the Louisiana Fourth Circuit affirmed Frith's conviction and sentence finding the third claim was not subject to review on appeal and otherwise was without merit, the fourth claim was not properly raised on appeal for the first time, and the first two assignments of error were without merit.[12]

On September 21, 2011, Frith's counsel filed a motion for new trial raising the new information claim.[13] After a hearing held on December 13, 2011, the Trial Court denied the motion as meritless on December 19, 2011.[14]

On April 13, 2012, the Louisiana Supreme Court denied without stated reasons the writ application filed by Frith's counsel following direct appeal.[15] Frith's conviction and sentence became final ninety (90) days later, on July 12, 2012, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

---

[11]St. Rec. Vol. 5 of 7, Appeal Brief, 2011-KA-0187, 4/11/11.

[12]*Frith*, 102 So.3d at 65; St. Rec. Vol. 5 of 7, 4th Cir. Opinion, 2011-KA-0187, 8/10/11.

[13]St. Rec. Vol. 2 of 7, Motion for New Trial, 9/21/11.

[14]St. Rec. Vol. 2 of 7, Trial Court Order, 12/19/11.

[15]*State v. Frith*, 85 So.3d 1244 (La. 2012); St. Rec. Vol. 6 of 7, La. S. Ct. Order, 2011-K-1942, 4/13/12; La. S. Ct. Writ Application, 11-K-1942, 9/8/11; St. Rec. Vol. 2 of 7, La. S. Ct. Letter, 2011-K-1942, 9/8/11.

On April 10, 2013, Frith's counsel filed an application for post-conviction relief with the Trial Court which raised the following grounds for relief:[16] (1) the State should have disclosed pretrial that Detective Moore was under federal investigation for obstruction of justice for filing false police reports and lying to federal authorities; (2) the conviction was based on testimony that was not subject to meaningful and complete cross-examination because of undisclosed information; (3) he was denied effective assistance of trial counsel; and (4) the evidence fails to support a conviction for possession with intent to distribute heroin where Frith is actually innocent.

After receiving a response from the State, the Trial Court denied the application on July 15, 2013.[17] The Louisiana Fourth Circuit also denied as meritless the related writ application filed by Frith's counsel seeking review of only the first three post-conviction claims.[18]

On January 8, 2014, Frith's counsel filed a writ application with the Louisiana Supreme Court seeking review of the denial of relief on the first three post-conviction claims.[19] As of this writing, the writ application is still pending before that court.

## II. Federal Petition

On March 27, 2014, the clerk of this Court filed Frith's *pro se* federal petition for habeas corpus relief in which he asserts the following grounds for relief:[20] (1) the State should have disclosed at pretrial that Detective Moore was under federal investigation for obstruction of justice for filing false police reports and lying to federal authorities; (2) the conviction was based on

---

[16] St. Rec. Vol. 2 of 7, Application for Post-Conviction Relief, 4/10/13.

[17] St. Rec. Vol. 2 of 7, Trial Court Judgment, 7/15/13; State's Response, 7/22/13; Traverse, 7/22/13.

[18] St. Rec. Vol. 7 of 7, 4th Cir. Order, 2013-K-1225, 12/10/13; 4th Cir. Writ Application, 2013-K-1225, 9/6/13.

[19] St. Rec. Vol. 7 of 7, La. S. Ct. Writ Application, 14-KK-0026, 1/8/14.

[20] Rec. Doc. No. 1.

testimony that was not subject to meaningful and complete cross-examination because of undisclosed information; (3) he was denied effective assistance of trial counsel; and (4) the evidence fails to support a conviction for possession with intent to distribute heroin where Frith is actually innocent.

The State filed an answer in opposition to Frith's petition conceding that the petition was timely filed and urging that Frith has failed to exhaust state court remedies as to all of the claims raised.[21] The State further argues that the fourth claim is not only unexhausted but is now in procedural default.

### III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this Court no later than February 6, 2014.[23] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be

---

[21]Rec. Doc. Nos. 11.

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Frith's federal habeas petition on March 27, 2014, when the filing fee was received. Frith did not date his signature on the petition. The postmark from the prison indicates that it was mailed to the Court on February 6, 2014. Even considering this date, Frith's petition is timely filed. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if filing fee was not paid at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and the record reflects that Frith's federal petition was timely filed. The State also has urged that Frith has failed to exhaust available state court remedies as to all of the claims raised in his federal petition. The Court will address the exhaustion defense as dispositive of the instant petition.

## IV. Exhaustion Doctrine

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing *Rose*, 455 U.S. at 519-20; 28 U.S.C. § 2254(b)(1)(A)).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new

factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*, at 32. When ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise or mention the same basis in the state court proceedings that are asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

The record reflects that Frith's counsel filed a writ application in the Louisiana Supreme Court seeking review of the first three claims raised in this federal petition and that writ application is still pending review in the state court. Until such time as the Louisiana Supreme Court completes its review, the claims remain unexhausted.

Frith's fourth claim of actual innocence has not been presented by his counsel on post-conviction review in the Louisiana Fourth Circuit or the Louisiana Supreme Court. As such, the claim is not exhausted. In addition, because the claim was abandoned after the state trial court's post-conviction review, the claim still will not be exhausted even after the Louisiana Supreme Court

rules on Frith's pending writ application. Having failed to seek complete review of his claims through to the Louisiana Supreme Court, none of Frith's claims have been exhausted in the state courts.

Frith's filing presents another concern for a reviewing court. As of this writing, three of his four claims are pending review in the Louisiana Supreme Court having been denied as meritless in the lower state courts. Should the Louisiana Supreme Court enter a ruling while this federal proceeding is pending further review, the exhaustion of those three claims could be considered complete.

However, there remains before this federal court the fourth unexhausted claim of actual innocence. Thus, should the Louisiana Supreme Court rule, this federal petition would at best become a mixed petition, containing both exhausted and unexhausted claims. Under United States Supreme Court precedent, a mixed petition would still be subject to dismissal for failure to completely exhaust, and would proceed here only if Frith were to amend the petition to dismiss or exclude the unexhausted claim for the Court to consider only the exhausted claims. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510); *see also Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

As the record stands, there is no benefit to Frith or the ends of justice that would come from prolonging dismissal of this premature action in its current posture. His failure to exhaust before filing a federal petition warrants dismissal at this time to allow a proper filing when exhaustion is complete. Furthermore, the record discloses no good cause for Frith's failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Having found no good cause for his failure to exhaust

before filing his federal petition, the petition should be dismissed without prejudice for the failure to exhaust available state court remedies.

**V.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Frith's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[24]

New Orleans, Louisiana, this 26th day of November, 2014.

KAREN WELLS ROBY<br>
UNITED STATES MAGISTRATE JUDGE

---

[24]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.